UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>            Plaintiff,<br><br>      v.<br><br>GOMEZ, et al.,<br><br>            Defendants. | Case No.: 1:24-cv-00508-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS AS TO OFFICIAL CAPACITY ONLY AND FOR CLAIMS TO PROCEED ON INDIVIDUAL CAPACITY BASIS ONLY FOLLOWING SCREENING**<br><br>(Doc. 1)<br><br>**14-DAY OBJECTION PERIOD**<br><br>**Clerk of the Court to Assign District Judge** |

Plaintiff Michael Thomas is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.   PLEADING REQUIREMENTS

### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III. DISCUSSION

#### A. Plaintiff's Complaint

Plaintiff names Correctional Officers Gomez and Lindquist, who are employed at Kern Valley State Prison, as defendants. (Doc. 1 at 1-2, 8-9.) Plaintiff states each is "sued individually and in his/her official capacity." (*Id*. at 9.) Plaintiff seeks a declaratory judgment,[1] compensatory and punitive damages, and costs of suit. (*Id*. at 14.)

#### B. The Factual Allegations

Plaintiff states he currently has four herniated lumbar discs, spondylosis, annular fissure, spinal stenosis, claudication, neural foraminal narrowing and nerve impingement, as well as five bulging cervical discs with foraminal stenosis and central canal narrowing. (Doc. 1 at 9.) Plaintiff states he is in chronic and acute pain and has recurring episodes of debilitating spasms. (*Id*.)

In January 2015, following a hospital stay, Plaintiff was prescribed a walker. (*Id*.) His condition continued to deteriorate while at KVSP, and on April 17, 2019, an MRI revealed the same. (*Id*.) Following an incident in September 2019 when an officer refused to provide a wheelchair to transport Plaintiff, Plaintiff's reasonable accommodation request for a wheelchair

---

[1] To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

1   was granted in October 2019. (*Id*. at 9-10.)

2        On November 8, 2019, Plaintiff was to be transported to Corcoran State Prison for a
3   settlement conference. (Doc. 1 at 10.) He informed the transport staff, Defendants Gomez and
4   Lindquist, that he was disabled and needed a wheelchair. (*Id*.) Plaintiff states Lindquist indicated
5   he did not feel like retrieving a wheelchair. (*Id*. at 10-11.) When Plaintiff presented Gomez and
6   Lindquist with a copy of the reasonable accommodation document regarding his need for a
7   wheelchair, they "still refused" his request. (*Id*. at 11.) Plaintiff contends that even after another
8   officer advised Gomez and Lindquist that Plaintiff had serious mobility issues and that the
9   reasonable accommodation had been granted to "prevent this very scenario from happening
10  again," Defendants continued to refuse his request. (*Id*.) Defendants advised Plaintiff he could
11  "either walk (using his walker) or refuse to go." (*Id*.)  Plaintiff felt compelled to endure the long
12  walk, fearing consequences for not attending the settlement conference. (*Id*.) During the walk,
13  Plaintiff stopped often and again requested a wheelchair, but Defendants refused his request. (*Id*.)
14  At receiving and release (R&R), Plaintiff was placed in leg restraints, making walking even more
15  challenging and uncomfortable, and when he had arrived at R&R "barely able to walk and on the
16  verge of collapse." (*Id*. at 11-12.) Plaintiff states he could not walk, but had to "'shuffle,' thereby
17  worsening his plight exponentially." (*Id*.)

18       Plaintiff contends he was then forced to climb into a van even though he should have been
19  provided a wheelchair with a wheelchair lift. (*Id*.) Plaintiff states he "wanted to give up," and that
20  Defendant Lindquist, recognizing his condition, stated, "Don't worry. You won't have to walk at
21  Corcoran. We'll pull right up to the door." (*Id*.) Upon arrival, however, due to construction,
22  Defendants made Plaintiff "'shuffle' through an unpaved, uneven, dirt-and-mud, narrow, fenced-
23  off detour" from the parking lot to the visiting room. (*Id*.) Upon returning to the van, Plaintiff
24  contends he was in extreme pain and had to stop about 15 times, nearly collapsing. (*Id*.) His
25  numerous requests for a wheelchair during that occasion were denied. (*Id*.) Upon his return to
26  KVSP, he was required to walk again, causing "tear-inducing pain." (*Id*.) On A yard, Plaintiff
27  contends Defendants "handed" him off to another officer, who also denied him the use of a
28  wheelchair to avoid having to return it to the medical clinic. (*Id*. at 13.) Plaintiff states that every

4

step of the journey to and from Corcoran was excruciating. (*Id.*)

### C. Plaintiff's Claim

Plaintiff alleges an Eighth Amendment threat to safety or failure to protect claims against Defendants Gomez and Lindquist. (Doc. 1 at 13-14.)

Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America,* 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) & *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, 714 F.3d at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

A failure to protect claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety." *Farmer*, 511 U.S. at 837. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842 (citations omitted). The duty to protect a prisoner from serious harm requires that prison officials take reasonable measures to guarantee the safety and well-being of the prisoner. *Id.* at 832-33; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). As "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," plaintiff must allege facts showing the defendant acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotations marks, emphasis & citations omitted).

To state a claim, the Eighth Amendment requires allegations sufficient to plausibly show that prison officials were deliberately indifferent to a substantial risk of harm or safety. *Farmer*, 511 U.S. at 847. The objective component of an Eighth Amendment requires that a prisoner show he was deprived of something "sufficiently serious." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer*, 511 U.S. at 834). The state of mind requirement under the subjective component of the Eighth Amendment standard has been defined as "deliberate indifference" to an

inmate's health or safety. *Farmer*, 511 U.S. at 834. Under the "deliberate indifference" standard, a prison official cannot be found liable for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. *Id*. at 837.

Liberally construing the complaint, Plaintiff plausibly alleges Eighth Amendment threat to safety/failure to protect claims against Defendants Gomez and Lindquist. Plaintiff sufficiently alleges that Gomez and Lindquist knew he faced a substantial risk of serious harm because he showed them a copy of his reasonable accommodation document, another officer intervened to advise Gomez and Lindquist of Plaintiff's serious mobility issues, and Lindquist recognized the seriousness of his condition. Plaintiff also alleges that Gomez and Lindquist refused his multiple requests for a wheelchair, even after they witnessed him struggling to walk during a transport.

The Court notes that Plaintiff has sued Defendants in their individual and official capacities. (Doc. 1 at 9.) Plaintiff is advised that "[s]uits against state officials in their official capacity ... should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (treating prisoner's suit against state officials in their official capacities as a suit against the state of California). An official capacity suit "represent[s] only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citation omitted). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id*. at 166.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override...." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court...." *Id.* at 1025-26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding CDCR and California Board of Prison Terms entitled to Eleventh Amendment

immunity).

As set forth above, Plaintiff cannot pursue claims for monetary damages against the Gomez and Lindquist in their official capacities because they are barred by the Eleventh Amendment. The Court will therefore recommend that this action proceed against Defendants Gomez and Lindquist in their individual capacities *only* and will recommend that any claim against them in their official capacities be dismissed.

### IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

For the reasons stated above, the Court **RECOMMENDS** as follows:

1. This action **PROCEED** against Defendants Gomez and Lindquist ***in their individual capacities only***; and

2. Plaintiff's claims against Defendants Gomez and Lindquist, to the extent they are asserted as against their official capacities, be **DISMISSED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 16, 2024**             /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE