UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>        Plaintiff,<br><br>    v.<br><br>GOMEZ, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-00508-KES-SKO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY ACTION PENDING TRANSFERS**<br><br>(Doc. 29) |

Plaintiff Michael Thomas is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    INTRODUCTION**

On May 5, 2025, the Court issued its Discovery and Scheduling Order. (Doc. 28.) On August 26, 2025, Plaintiff filed a motion seeking a stay of this action pending his future transfers between multiple county, state, and federal institutions. (Doc. 29.)

Defendants have filed neither an opposition nor a statement of non-opposition to Plaintiff's motion. *See* Local Rule 230(*l*).

**II.    DISCUSSION**

Plaintiff moves the Court for a stay of this action until he is sentenced in an underlying criminal action pending in a South Dakota federal district court. He is presently housed at the Minnehaha County Jail in Sioux Falls, South Dakota, and may be housed in a South Dakota state

1  prison facility to await sentencing on November 3, 2025. Following sentencing, Plaintiff will be
2  returned to federal custody. Until Plaintiff reaches the federal penitentiary assigned as his
3  permanent facility, he states that during all periods of transit between the county jail, potentially a
4  South Dakota state prison, and a series of multiple federal facilities (transit center, institution(s)),
5  he will not have access to his legal materials. Plaintiff further states he does not presently have
6  access to his legal materials making it difficult to effectively litigate this action.

7  Plaintiff states he spoke with defense counsel on August 12, 2025. When defense counsel
8  inquired about outstanding discovery responses, Plaintiff advised defense counsel of his
9  circumstances and states that the parties "agreed to stipulate to staying this case until [Plaintiff
10 reaches] his final destination." Plaintiff states he will promptly notify the Court of any change of
11 address with each transfer and will also request the stay be lifted once he reaches his final
12 destination. He estimates that may take about 120 to 150 days.

13 The district court "has broad discretion to stay proceedings as an incident to its power to
14 control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North*
15 *American Co.*, 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature."
16 *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066–67 (9th Cir. 2007).
17 If a stay is especially long or its term is indefinite, a greater showing is required to justify it.
18 *Yong v. I.N.S*., 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden
19 of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

20 Here, the Court finds Plaintiff has established good cause to stay this action pending his
21 federal incarceration at a "final destination" and the receipt of his legal materials necessary to
22 prosecute this action. *Clinton*, 520 U.S. at 706, 708. The Court will stay this action for 120 days
23 after which the stay will be lifted absent any renewed motion by Plaintiff. As a result of the stay,
24 the Court will vacate its previously issued Discovery and Scheduling Order and will reissue a
25 scheduling order following a lifting of the stay.
26 //
27 //
28 //

2

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **HEREBY ORDERS**:

1. Plaintiff's motion for a stay of this action (Doc. 29) is **GRANTED**;
2. This action is **STAYED** for a period of **120 days**;
3. The Discovery and Scheduling Order issued May 5, 2025 (Doc. 28) is **VACATED**; and
4. At the conclusion of the 120-day period, the Court will lift the stay of these proceedings and issue a new scheduling order.

IT IS SO ORDERED.

Dated:   **September 17, 2025**          /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

3