UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS,<br><br>                    Plaintiff,<br><br>          v.<br><br>GOMEZ, et al.,<br><br>                    Defendants. | Case No.: 1:24-cv-00508-KES-SKO<br><br>**ORDER GRANTING MOTION TO STAY ACTION FOR 120 DAYS**<br><br>(Doc. 35) |

Plaintiff Michael Thomas is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.    RELEVANT BACKGROUND

On August 26, 2025, Plaintiff filed a motion seeking a stay of this action pending his future transfers between multiple county, state, and federal institutions. (Doc. 29.)

On September 18, 2025, the Court issued an Order Granting Plaintiff's Motion to Stay Action Pending Transfers. (Doc. 30.) The Court stayed this action for 120 days, vacated the previously issued scheduling order, and stated that following the 120-day period, it would lift the stay and issue a new scheduling order. (*Id*. at 3.)

On January 29, 2026, when more than 120 days passed, the Court issued its Order Lifting Previously Imposed Stay and Order Directing Clerk of the Court to Issue a Discovery and Scheduling Order. (Doc. 33.) The scheduling order issued that same date. (Doc. 34.)

On February 9, 2026, Plaintiff filed a "Motion to Extend Stay of Case Pending Resolution of Imminent Transfers." (Doc. 35.) On February 17, 2026, Plaintiff filed a "Supplement to Motion to Extend Stay of Case Pending Resolution of Imminent Transfers." (Doc. 36.) Defendants did not oppose the motion.

**II.    DISCUSSION**

Plaintiff seeks a stay of these proceedings as he awaits imminent transfer to a federal prison from South Dakota State Prison (SDSP). Plaintiff states he sought to extend the previously imposed stay but was unable to timely do so due to an inability to contact the only sergeant at SDSP assigned to outgoing legal mail and lockdowns in his housing unit. He was advised on February 3, 2026, that he "would be transferring imminently" and expects to be transferred to the Federal Transit Center (FTC) in Oklahoma before ultimately being placed in a permanent federal facility. While at FTC, he will not be permitted access to his legal property. Plaintiff states he will promptly notify the Court of his new address upon arrival at each new federal facility should his motion be granted.

Plaintiff's unopposed motion will be granted for the same reasons expressed in this Court's September 18, 2025, order. (*See* Doc. 30 at 2 ["Here, the Court finds Plaintiff has established good cause to stay this action pending his federal incarceration at a 'final destination' and the receipt of his legal materials necessary to prosecute this action," citing *Clinton v. Jones*, 520 U.S. 681, 706, 708 (1997)].) The Court will stay the action for 120 days. Should Plaintiff not have reached his final destination before the 120 days expiration, Plaintiff should file a timely motion seeking to extend the stay and provide updated information regarding his federal custodial status. Lastly, the Court will vacate the scheduling order issued in this matter.

**III.    CONCLUSION AND ORDER**

For the foregoing reasons, the Court **HEREBY ORDERS**:

1. Plaintiff's motion to stay this action (Doc. 35) is **GRANTED**;

2. This case is **STAYED** for 120 days from the date of service of the order; and

//

//

3. The Discovery and Scheduling Order issued January 29, 2026, is VACATED.

IT IS SO ORDERED.

Dated:  __**March 9, 2026**__                    ___/s/ *Sheila K. Oberto*___
                                                     UNITED STATES MAGISTRATE JUDGE

3